BERNHEIM BROS. & URI *v.* JOHN T. BROGAN.

1. PRESUMPTION IN FAVOR OF JUDGMENT.

In the absence of a bill of exceptions the supreme court will assume that the judgment rendered in a case was proper, *provided,* any state of facts could exist under the record in which the judgment rendered would be proper.

2. GARNISHMENT. *Traverse of answer. Attorney's fee to garnishee.*

The statute (code 1880, § 2448) which permits the court, in exceptional cases rendering it proper, to allow to the garnishee reasonable compensation in addition to *per diem* and mileage, does not permit the allowance to him of an attorney's fee for defending an issue made by a traverse of his answer, even though the traverse was without probable cause or was made willfully and unjustly to harass the garnishee.

3. SAME. *When attorney's fee not allowed.*

After the answer of a garnishee is filed, and an issue is made thereon, he thereafter stands as any other litigant in the court defending his own claim against his adversary, and for such litigation he cannot recover attorney's fees.

4. SAME. *What attorneys' fees allowable.*

The court under said statute may allow the garnishee the fees of his counsel for preparing his answer; for preparing petition of interpleader where necessary; for securing a proper judgment discharging him; and for advice as to the validity of the judgment against the defendant, but in no case for what may be done after the answer is filed and controverted.

APPEAL from the circuit court of Clay county.

HON. LOCK E. HOUSTON, Judge.

The facts are stated in the opinion.

*Clifton & Eckford,* for appellants.

We submit that the true rule should be, in all these cases, to exclude the allowance of attorneys' fees as an element of *actual* damages, and that such fees should only be allowed as vindictive or exemplary damages except when specially provided for by statute. Waples' Attach. 452, 453; *Oelrichs* v. *Spain,* 15 Wall. 211; *Turner* v. *Miller,* 42 Tex. 418; *Stauffer* v. *Garrison,* 61 Miss. 67; *Cowden* v. *Lockridge,* 60 Ib. 385; *Brinker* v. *Leinkauf,* 64 Ib. 240.

Attorneys' fees are allowed, of course, on injunction bonds in this court only by the rule *stare decisis.* In all other cases of statutory bonds they are disallowed except in cases proper for punitive damages. If fees are not allowed on bonds where the obligors contract to pay actual damages, certainly the court will not allow them as an element of cost or by way of costs, unless the statute had by express language so provided.

The "additional compensation" "in exceptional cases" is allowed the garnishee *by the court* "for his attendance." See code, § 2448.

This is to cover any additional expense to mileage he has incurred in going to and from court. The compensation is recoverable in the nature of costs and is to be taxed in the bill of costs. In ordinary cases the statute fixes the costs. In exceptional cases the court fixes the allowance. In all cases of damages arising out of tort the right to trial by jury is guaranteed by the constitution. The party affected can only waive this right by and with the consent of the court. Code, § 1705.

Counsel for the garnishee have furnished several authorities from other states in which a small fee was allowed the garnishee to pay counsel fees for the preparation of an answer; or to see that the proper order discharging him has been entered. This was under statutes which permitted such fees, and the allowance was not limited, as it is in our state, to compensation "for attendance."

We do not think our statute contemplates an allowance for pre-

paration of the answer, as the code prescribes a form for an answer and requires the officer executing the process to give the garnishee a written form of the answer he is to make.   Code, § 2443.

Certainly the most appellee can claim is a small fee for the preparation of his answer, or for having a proper order of discharge. We find no authorities that go beyond this.

The same question is presented in the case of *A. Senior & Sons v. Brogan*, appealed from the same court, and to be decided at this term.

*Barry & Beckett* and *Fox & Roane*, for appellee.

No bill of exceptions was taken, and it is to be presumed that the allowance was right, if under any circumstances the court had the power or discretion to make the allowance.

The prompt garnishee is allowed by the code the pay and mileage of a juror, " and in exceptional cases rendering it proper *the court* may allow the garnishee reasonable compensation, additional to the foregoing and to be obtained in the same way." This mode of obtaining it is out of the debt or effects in his possession, or if he has no debt or effect, then " against the plaintiff in attachment."

Even if there had been a bill of exceptions the allowance is discretionary with the court, and it is not properly subject to review. It is allowable without the intervention of a jury, and the judgment recites on its face that it is, in the words of the statute, " a reasonable allowance," and that this is a " proper case " in which to allow it.   *Johnston* v. *Blanks*, 68 Tex. 495 ; *Hawkins* v. *Graham*, 128 Mass. 20 ; Waples Attach. 385, 386, 387 ; *Mattingly* v. *Boyd*, 20 How. 128, 133 ; *O'Reilly* v. *Cleary*, 8 Mo. App. 186 ; *Griffiths* v. *Stackmuller*, 14 Phila. 236 ; *Vandusen* v. *Schrader*, Ib. 132 ; *McKelvy and Sterrett's Appeal*, 108 Pa. St. 615.

COOPER, J., delivered the opinion of the court.

Bernheim Bros. & Uri brought suit by attachment against their debtor, T. O'Flinn, and summoned John T. Brogan to answer as garnishee.  The garnishee answered that he was not indebted to the defendant, and had none of his effects in his hands.  This answer was controverted by the plaintiffs (who had recovered

judgment against the defendant in attachment), and on the trial the issue was found in favor of Brogan.   Thereupon he moved the court to allow him an attorney's fee of two hundred and forty-five dollars as compensation for the expense to which he had been put by being forced to defend the issue made on his answer as garnishee, and the court, finding as a fact that this was a reasonable fee, and that the case was an " exceptional one," within the meaning of § 2448 of the code, gave judgment for that sum in his favor against the plaintiffs.   From that judgment alone this appeal is taken.   No bill of exceptions was taken setting forth the character of the controversy between the plaintiffs and the garnishee, and in support of the judgment of the court.   We must assume that a proper showing was made for the allowance, if any case could exist under the circumstances named in which it could be made.

In the recent case of *Senior & Sons* v. *Brogan, ante,* page 178, we said that the statute could in no event warrant the allowance of an attorney's fee for defending an issue on the answer of the garnishee where the facts showed that the controversy was as to the *bona fides* of a transaction between the defendant in attachment and the garnishee.   We purposely omitted in that case to decide whether the statute was broad enough to permit the allowance of the attorney's fee, where the plaintiff without probable cause, but willfully and unjustly, harassed the garnishee by forcing upon him the necessity of defending an issue on his answer.   We are now satisfied and so decide, that the statute has no application to such controversy.   It declares that, " the garnishee shall be allowed for his attendance, out of the debt or effects in his possession, or against the plaintiff in attachment, in case there be no debt or effects in his possession, *provided* he shall put in his answer at the return term of the attachment, within the time prescribed by law, the pay and mileage of a juror, and in exceptional cases rendering it proper, the court may allow the garnishee reasonable compensation additional to the foregoing, and to be obtained in the same way."

The additional compensation, it will be observed, is to be obtained in the same way, *i. e.,* out of the debt or effects in his hands if there be any, and if not out of the plaintiff in attachment.   The

manifest purpose of the section is to allow reasonable compensation to the garnishee as garnishee responding to the command of the court to answer its process.   When he has put in his answer and an issue is taken upon it he thereafter stands as a litigant in the court defending his own against the claim of his adversary, and for expenses in so doing he is no more entitled to recover compensation in the shape of attorneys' fees than are other litigants.   For having his answer as garnishee prepared by counsel ; for preparing a petition for interpleader in cases where such course is necessary to be taken ; for securing a proper judgment of the court discharging him where his answer is not controverted ; for advice as to the validity of the judgment against the defendant who has not been personally served with process and has not appeared in court, as to which the garnishee must be advised at his peril, the allowances may within the meaning of the law be made.   But for what is done by him after his answer has been filed and controverted he is not entitled to compensation, for he then acts as defendant and not as garnishee.

*Reversed, motion overruled and judgment here for appellants.*