CARUTHERS-JONES SHOE CO. *v.* CHICKASAW COUNTY BANK.

[73 South. 49.]

GARNISHMENT. *Contested answer. Attorney's fee. Statute.*

> Under section 2361, Code 1906, which provides that "A garnishee shall be allowed for his attendance, provided he shall put in his answer within the time prescribed by law, the pay and mileage of a juror, and in exceptional cases rendering it proper, the court may allow the garnishee reasonable compensation additional to the foregoing" etc., a garnishee will not be allowed attorney fees for defending his answer when contested and where he fails to put in his answer in time will be allowed no compensation whatever.

APPEAL from the circuit court of Chickasaw county. HON. H. K. MAHON, Judge.

Garnishment proceeding by the Caruthers Shoe Company against the Chickasaw County Bank. From a judgment dismissing the garnishee, with a judgment against the company with attorney fees, it appeals.

The facts are fully stated in the opinion of the court.

*Joe H. Ford,* for appellant.

*C. H. Moffat* and *A. T. Stovall,* for appellee.

HOLDEN, J., delivered the opinion of the court.

From a judgment in favor of appellee, Chickasaw County Bank, in the circuit court of Chickasaw county, appellant appeals to this court. The controversy in the court below, stated briefly, is founded on the following facts: The appellant had an enrolled judgment against W. A. Tabb, who was employed as cashier of the appellee bank. Appellant had a writ of garnishment issued against the appellee bank, commanding it to answer on a certain day as to whether or not it was indebted to the said Tabb, cashier. Appellee filed

its answer, denying any indebtedness. The answer was regular in all respects, but it was not filed "within the time prescribed by law." However, after the answer was filed the appellant appeared by counsel and objected and excepted to the answer of the garnishee, and proceeded to contest the truthfulness of it, all of which was done in good faith by the appellant. The court, after hearing the objections and the contest to the answer, rendered judgment dismissing the garnishee and adjudging the sum of seventy-five dollars as attorneys' fees against the appellant. The appellant, excepting to this action of the lower court, appeals here and contends that the circuit judge erred in giving judgment for seventy-five dollars against the appellant, for the reason that no attorneys' fees can be recovered in this case.

We do not think that section 2361, Code of 1906, grants authority to the judge to allow attorneys' fees to the garnishee for defending his answer in cases where the answer of the garnishee is objected to and contested by the plaintiff in garnishment; and it is so held in *Bernheim Bros. & Uri* v. *Brogan,* 66 Miss. 184, 6 So. 649. While the statute provides that:

"The garnishee shall be allowed for his attendance, . . . provided he shall put in his answer within the time prescribed by law, the pay and mileage of a juror, and in exceptional cases rendering it proper, the court may allow the garnishee reasonable compensation additional to the foregoing," etc.—we do not think that the appellee bank can be allowed any compensation or fee whatever in this case; for it appears, undisputed, that the bank failed to "put in (its) answer within the time prescribed by law." Consequently, the appellee was not entitled to be allowed the pay and mileage of a juror; and if he could not be allowed the pay and mileage of a juror, under the statute, he could not be allowed any other compensation, even though it be an exceptional case rendering it proper, because the compensation in exceptional cases is only allowed in addition to the pay

and mileage of a juror, when his answer is filed within the time prescribed by law. A right to an allowance in the first instance must exist before any ''additional'' compensation can be allowed.

The judgment of the lower court is reversed; and judgment entered here for appellant.

*Reversed.*